David A. Shaneyfelt (CA Bar No. 240777)*
DShaneyfelt@alvarezfirm.com
**The Alvarez Firm**
24005 Ventura Blvd.
Calabasas, CA 91302
Telephone: (818) 224-7077
Facsimile: (818) 224-1380

Jonathan A. Scruggs (AZ Bar No. 030505)**
jscruggs@ADFlegal.org
Bryan D. Neihart (AZ Bar No. 035937)**
bneihart@ADFlegal.org
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028

*Counsel for Plaintiffs The Babylon Bee, LLC and Kelly Chang Rickert*

\* *Local Counsel*
\*\**Pro hac vice application forthcoming*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **The Babylon Bee, LLC,** and **Kelly Chang Rickert**,<br><br>   *Plaintiffs,*<br><br> v.<br><br>**Robert A. Bonta**, *et al.*,<br><br>   *Defendants.* | Civil No. 2:24-cv-08377-FMO-DTB<br><br>**Plaintiffs' Application for Temporary Restraining Order, or Alternative Motion for Expedited Preliminary Injunction**<br><br>**Date:** October 10, 2024<br>**Time:** 10:00 A.M.<br>**Courtroom:** 6D<br>**Judge:** Fernando M. Olguin |

TO DEFENDANTS BONTA AND WEBER AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT before the Honorable Judge Fernando M. Olguin at the United States Courthouse, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012, on Thursday, October 10 at 10:00 a.m., Plaintiffs The Babylon Bee, LLC and Kelly Chang Rickert will move for an order for a temporary restraining order or, in the alternative, an expedited motion for preliminary injunction under FED. R. CIV. P. 65 to stop Defendants Bonta and Weber from violating the First and Fourteenth Amendments to the United States Constitution.

## I. Plaintiffs ask this Court to temporarily restrain or preliminarily enjoin AB 2839.

Plaintiffs ask that this Court temporarily restrain or preliminarily enjoin Defendants Bonta and Weber, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order from enforcing:

- Any provision of AB 2839 against anyone, including Plaintiffs, because various provisions and terms of AB 2839 are facially content- and viewpoint-based, vague, and overbroad, and these provisions are not severable from the rest of AB 2839.

In the alternative, Plaintiffs ask that this Court to temporarily restrain or preliminarily enjoin Defendants Bonta and Weber, their officers, agents, servants, employees, attorneys, and those persons in active concert or

participation with them who receive actual notice of this order from enforcing:

- AB 2839 to prohibit Plaintiffs and similarly situated speakers from posting or reposting the desired online posts identified in Plaintiffs' Complaint, *see* Compl. ¶¶ 47, 52–66, 116–38, and materially similar content that discuss candidates for elective office, election officials, voting machines, ballots, voting sites, or other property or equipment related to an election in California.

- AB 2839 to compel Plaintiffs and similarly situated speakers to include the statutorily required disclosure in any satire or parody materials, including online satirical or parodical posts identified in Plaintiffs' Complaint, *see* Compl. ¶¶ 47, 52–66, 116–17, 118 (bullets # 2, 4, and 6), 119–130, 136, and materially similar content that discuss candidates for elective office, election officials, voting machines, ballots, voting sites, or other property or equipment related to an election in California.

Absent a temporary restraining order or preliminary injunction, Plaintiffs and other online speakers will suffer irreparable harm. *See also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting analysis for a temporary restraining order is "substantially similar").

They will suffer the continued violation of their rights guaranteed by the United States Constitution. Plus, they face substantial risks of being punished under AB 2839, of having their speech restricted and removed

2

under AB 2839, or of being forced to self-censor to avoid punishment or restriction under AB 2839. As a result, AB 2839 will dramatically curtail their ability to express their views regarding the federal and state elections on November 5, 2024. Indeed, California officials, including Governor Newsom, accelerated passage and approval of AB 2839 precisely so it could have this speech-suppressing effect right before this national election. Compl. ¶¶ 153, 169. And they tailored its provisions so that it targets election-related speech during the very time period such speech is likely to have a demonstrable impact. *Id.* ¶¶ 169–71. Plaintiffs are also likely to succeed on the merits; their requested injunction serves the public interests; and the balance of the equities tips in their favor. *See Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 683–84, 694–95 (9th Cir. 2023).

In this request, Plaintiffs seek relief only against Defendants Bonta and Weber and not Defendants Gascon or Soto because Defendants Bonta and Weber are the primary enforcement officials with primary responsibility to enforce AB 2839. *See* Compl. ¶¶ 14–15, 19–21; *Bland v. Fessler*, 88 F.3d 729, 738 (9th Cir. 1996) (allowing litigation to proceed against state official that "has far and away the greatest resources, both economic and political" to enforce statute even though others could also enforce challenged statute). Counsel for Defendants Bonta and Weber have also recently appeared in federal court in a similar case and defended their authority to enforce the law challenged here. *See* Opposition to Plaintiff's Motion for Preliminary

Injunction, *Kohls v. Bonta*, No. 2:24-cv-02527 (E.D. Cal. Sept. 23, 2024), ECF No. 9.

In support of their application and motion, Plaintiffs rely on the following documents:

- Plaintiffs' Verified Complaint and all attached exhibits;
- Plaintiffs' Memorandum in Support of Plaintiffs' Application for Temporary Restraining Order, or Alternative Motion for Expedited Preliminary Injunction;
- Declaration of Jonathan Scruggs in Support of Plaintiffs' Application for Temporary Restraining Order, or Alternative Motion for Expedited Preliminary Injunction;
- Any supplemental declaration in support of Plaintiffs' Application for Temporary Restraining Order, or Alternative Motion for Expedited Preliminary Injunction and related documents; and
- Plaintiffs' Reply Memorandum in Support of their Application for Temporary Restraining Order, or Alternative Motion for Expedited Preliminary Injunction and related documents (if filed) and supporting documents (if any).

Plaintiffs also ask this Court to waive any bond because this requested injunction serves the public interest by vindicating First Amendment rights and causes no harm to California. *See Frankel v. Regents of Univ. of Cal.*, __ F. Supp. 3d __, 2024 WL 3811250, *8 (C.D. Cal. Aug. 13, 2024) (noting courts have issued preliminary injunctions in First Amendment cases "without requiring security"); *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)

4

(holding a district court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct").

## II. Plaintiffs' need for immediate relief.

As has long been recognized, "timing is of the essence in politics," and "it is often necessary to have one's voice heard promptly, if it is to be considered at all." *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 163 (1969) (Harlan, J., concurring). That is particularly true of election-related speech during the weeks leading up to an election. If that speech is to have any impact, it must be heard at that time.

Yet AB 2839 seeks to curtail election-related speech during a critical six-month window—from one hundred and twenty days before an election to either the day of or sixty days after the election. *See* Cal. Elec. Code § 20012(c); *Boquist v. Courtney*, 32 F.4th 764, 783 (9th Cir. 2022) (faulting restriction that "disproportionately burdens political speech that must respond to changing current events"). Nor is this an accidental bug of AB 2839. Rather, Governor Newsom pushed for passage of this legislation precisely so that it would impact the 2024 national election, and he did so because he disliked a parody video about the presidential race. Compl. ¶¶150–57. The legislature responded by passing it, adding an urgency clause so that the law would take effect before the 2024 election, and tailoring its provisions to apply only before and after an election. *Id.* ¶¶ 169–71.

Because Plaintiffs desire to exercise their First Amendment right to speak out on election-related matters—including candidates, elected

5

officials, and voting—Plaintiffs respectfully request that this Court grant their application for a temporary restraining order or alternatively expedite consideration of their preliminary injunction motion. Otherwise, this Court will inadvertently effectuate what California hopes to accomplish through AB 2839: the silencing of the unfettered debate and exchange of ideas that are the hallmark of a free people.

As set forth in the Declaration of Jonathan Scruggs, counsel for Plaintiffs has already reached out to counsel for Defendants Bonta and Weber by email and agreed upon a proposed expedited briefing schedule that is similar to the briefing schedule entered in *Kohls v. Bonta*, No. 2:24-cv-02527 (E.D. Cal. 2024) for the expedited motion for preliminary injunction recently filed in that case. Counsel for Plaintiffs and for Defendants Bonta and Weber agreed here that Plaintiffs would file their motion on Tuesday October 1; Defendants' opposition would be due Monday, October 7; Plaintiffs' reply would be due Wednesday, October 9; and Plaintiffs would notice the motion for October 10. Counsel for Plaintiffs and Defendants have alerted the Courtroom Deputy Clerk to this proposed schedule, subject to any change or different schedule that the Court may order.

DATED: October 1, 2024

> */s/David A. Shaneyfelt*
> David A. Shaneyfelt
> *Counsel for Plaintiffs*

6


# PROOF OF SERVICE

I, David A. Shaneyfelt, am over the age of 18 years and not a party to the within action. My business address is 24005 Ventura Blvd., Calabasas, CA 91302.

On October 1, 2024, I electronically filed Plaintiffs' Application for Temporary Restraining Order, or Alternative Motion for Expedited Preliminary Injunction with the Clerk of Court using the CM/ECF system. Pursuant to L.R. 5-3.2.1, the CM/ECF system automatically generates a "Notice of Electronic Filing" ("NEF") at the time a document is filed with the system; service with this electronic NEF constitutes service pursuant to the Federal Rules of Civil Procedure, and the NEF itself constitutes proof of service for individuals so served.

In addition, pursuant to L.R. 5-3.2.1, I will serve via process server the foregoing document as well as the Verified Complaint and attached exhibits by process server addressed to the following persons not registered for the CM/ECF system and notify the Court once these persons have been served:

| | |
|---|---|
| Rob Bonta, in his official capacity as Attorney General of the State of California<br>State of California Dept. of Justice<br>1300 "I" Street,<br>Sacramento, CA 95814-2919 | Shirley N. Weber, in her official capacity as California Secretary of State<br>1500 11th Street<br>Sacramento, CA 95814 |

In addition, my co-counsel will email the foregoing documents to counsel for Defendants Bonta and Weber as laid out in his declaration filed in support of this motion.

1   I declare under penalty of perjury that the foregoing is true and correct.

>   */s/ David A. Shaneyfelt*
>   David A. Shaneyfelt
>   *Counsel for Plaintiffs*