1 | David A. Shaneyfelt (CA Bar No. 240777)*
2 | DShaneyfelt@alvarezfirm.com
   | The Alvarez Firm
3 | 24005 Ventura Blvd.
4 | Calabasas, CA 91302
   | Telephone: (818) 224-7077
5 | Facsimile: (818) 224-1380
6 |
7 | Jonathan A. Scruggs (AZ Bar No. 030505)**
   | jscruggs@ADFlegal.org
8 | Bryan D. Neihart (AZ Bar No. 035937)**
9 | bneihart@ADFlegal.org
   | Alliance Defending Freedom
10 | 15100 N. 90th Street
11 | Scottsdale, AZ 85260
   | Telephone: (480) 444-0020
12 | Facsimile: (480) 444-0028
13 |
14 | Counsel for Plaintiffs The Babylon Bee, LLC
   | and Kelly Chang Rickert
15 |
16 | * Local Counsel
   | **Pro hac vice application pending
17 |

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **The Babylon Bee, LLC,** and **Kelly Chang Rickert**, <br><br> *Plaintiffs,* <br><br> v. <br><br> **Robert A. Bonta**, et al., <br><br> *Defendants.* | Civil No. 2:24-cv-08377-FMO-DTB <br><br> **Plaintiffs' Combined Motion for Reconsideration of Stay Order and Brief in Opposition to Stay Order, and in the Alternative, Motion to Transfer Venue** <br><br> **Date:** Thursday, October 24, 2024 <br> **Time:** 10:00 a.m. <br> **Courtroom:** 6D <br> **Judge:** Fernando M. Olguin |

1

**TABLE OF CONTENTS**

2

Table of Authorities...................................................................................................ii

Introduction ............................................................................................................... 1

Argument ................................................................................................................... 3

I.    This Court should reconsider its stay order after the recent *Kohls v. Bonta* decision. .................................................................................... 3

II.   This Court should reinstate a slightly modified version of the parties' agreed-upon briefing schedule for the pending motion and quickly enter an injunction protecting Plaintiffs. ............................................... 4

III.  In the alternative, the Court should transfer this case to the Eastern District of California, Sacramento Division, so that it can be consolidated with the *Kohls* case. ........................................................... 9

Conclusion .............................................................................................................. 11

Certificate of Compliance ....................................................................................... 12

Proof of Service ...................................................................................................... 13

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
  284 F.3d 1091 (9th Cir. 2002) .................................................................................. 6

*A.J. Industries, Inc. v. U.S. District Court for Central District of California*,
  503 F.2d 384 (9th Cir. 1974) .................................................................................. 10

*Alliance for Wild Rockies v. Higgins*,
  690 F. Supp. 3d 1177 (D. Idaho 2023) ..................................................................... 9

*American Encore v. Fontes*,
  2024 WL 4333202 (D. Ariz. Sept. 27, 2024) ........................................................... 7

*Baird v. OsteoStrong Franchising, LLC*,
  2022 WL 1063130 (E.D. Cal. Apr. 8, 2022) ........................................................... 10

*Califano v. Yamasaki*,
  442 U.S. 682 (1979) .................................................................................................. 5

*California v. Health & Human Services*,
  390 F. Supp. 3d 1061 (N.D. Cal. 2019) .................................................................... 7

*Center for Biological Diversity v. Salazar*,
  706 F.3d 1085 (9th Cir. 2013) .................................................................................. 6

*City & County of San Francisco v. Trump*,
  897 F.3d 1225 (9th Cir. 2018) .................................................................................. 5

*City of Los Angeles v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) .................................................................................... 3

*Commitee to Protect Our Agricultural Water v. Occidental Oil & Gas Corporation*,
  2015 WL 13653869 (C.D. Cal. Aug. 31, 2015) ..................................................... 10

*DaimlerChrysler Corporation v. Cuno*,
  547 U.S. 332 (2006) .................................................................................................. 5

*Estrada v. Gomez*,
  No. 93-16000, 1994 WL 83392 (9th Cir. Mar. 10, 1994) ........................................ 8

*Faison v. Jones*,
　440 F. Supp. 3d 1123 (E.D. Cal. 2020) .......................................................... 9

*Fellowship of Christian Athletes v. San Jose Unified School District Board Of Education*,
　82 F.4th 664 (9th Cir. 2023) ..................................................................... 7, 8

*Garcia v. City of Los Angeles*,
　481 F. Supp. 3d 1031 (C.D. Cal. 2020) .......................................................... 7

*Griffin v. HM Florida-ORL, LLC*,
　144 S. Ct. 1 (2023) ......................................................................................... 1

*HM Florida-ORL, LLC v. Governor of Florida*,
　No. 23-12160, 2023 WL 6785071 (11th Cir. Oct. 11, 2023) ......................... 5

*In re PG&E Corporation Securities Litigation*,
　100 F.4th 1076 (9th Cir. 2024) .................................................................. 4, 7

*Johnson v. Macy*,
　145 F. Supp. 3d 907 (C.D. Cal. 2015) ........................................................... 8

*KH Outdoor, LLC v. City of Trussville*,
　458 F.3d 1261 (11th Cir. 2006) ..................................................................... 7

*Labrador v. Poe by & through Poe*,
　144 S. Ct. 921 (2024) ................................................................................ 5, 6

*Medical Development International v. California Department of Corrections & Rehabilitaion*,
　2010 WL 347901 (E.D. Cal. Jan. 22, 2010) ................................................ 11

*Meyer v. Grant*,
　486 U.S. 414 (1988) ...................................................................................... 8

*Sanai v. Lawrence*,
　2022 WL 18229599 (C.D. Cal. Feb. 1, 2022) ................................................ 2

*Sandys v. Willard*,
　2021 WL 1091919, (N.D. Cal. Mar. 22, 2021) ...................................... 10, 11

*United States v. Texas*,
　599 U.S. 670 (2023) ...................................................................................... 5

*Van Dusen v. Barrack*,
 376 U.S. 612 (1964) .................................................................................. 10

*Whitman-Walker Clinic, Inc. v. U.S. Department of Health & Human Services*,
 485 F. Supp. 3d 1 (D.D.C. 2020) ............................................................. 6, 7

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................ 10

**Other Authorities**

33 Fed. Prac. & Proc. Judicial Review § 8385 4.50 (2d ed.) ............................ 4

Ashley Zavala, *Federal judge blocks California's new elections deepfake ban*,
 KCRA 3 (Oct. 2, 2024, 4:46 PM) ............................................................. 5, 6

*Remarks by Vice President Harris at a Campaign Event*, The White House
 (July 11, 2024 2:22 PM), https://bit.ly/4eNYuLb ........................................ 1

Wright & Miller, § 8385 Injunctive and Declaratory Relief—Equitable Discretion ................................................................................................... 4

**Rules**

C.D. Cal. R. 7–18 ............................................................................................. 3

Fed. R. App. Proc. 8. ........................................................................................ 6

## INTRODUCTION

In a few days, voting begins in California for the 2024 election, which Vice President Harris called "the most existential, consequential, and important election of our lifetime."[1] Each day counts for Plaintiffs, The Babylon Bee, LLC ("The Bee") and Kelly Chang Rickert, who want to speak freely about this election online. So they sought a temporary restraining order or expedited preliminary injunction against California's AB 2839 for banning and burdening their political speech. Now, after this Court's recent stay order, a different district court has ruled that AB 2839 likely violates the Constitution. *Kohls v. Bonta*, Case No. 24-cv-2527 (E.D. Cal. Oct. 2, 2024) (order granting preliminary injunction). Because of this recent ruling, this Court should reconsider its stay order, immediately reinstate merits briefing on Plaintiffs' motion for a temporary restraining order or preliminary injunction, and rule on that motion as soon as possible. Alternatively, this Court should transfer this case to be consolidated with *Kohls*. That way, the two similar cases can be quickly litigated together, and Plaintiffs can ask the *Kohls* court to extend the injunction to them.

This relief that Plaintiffs seek is warranted for three reasons. First, Plaintiffs have no assurance the *Kohls* injunction protects them from AB 2839. There is an ongoing debate about whether universal injunctions in the First Amendment context can bind nonparties. *See Griffin v. HM Fla.-ORL, LLC*, 144 S. Ct. 1, 2 (2023) (recognizing debate). California has never indicated the *Kohls* injunction (or any other) binds it as to nonparties. Until California agrees that the *Kohls* injunction binds them as to Plaintiffs and that Plaintiffs can hold California officials in contempt for violating that

---

[1] *Remarks by Vice President Harris at a Campaign Event*, The White House (July 11, 2024 2:22 PM), https://bit.ly/4eNYuLb.

1

injunction, Plaintiffs still face a risk of enforcement and suffer irreparable harm. To make matters worse, California already voiced public disagreement with the *Kohls* injunction, may appeal it, and may succeed in getting it overturned. There is no reason to think California will lay down or read *Kohls* broadly, so Plaintiffs still need immediate relief from this Court.

Second, all injunction factors strongly favor entering a restraining order or an injunction immediately. The recent *Kohls* order demonstrates that Plaintiffs are likely to prevail on the merits of their claims. California suffers no harm from an injunction clearly protecting Plaintiffs from its unconstitutional law, as the *Kohls* order confirms. Meanwhile, Plaintiffs suffer ongoing irreparable harm because of the burden on and loss of their First Amendment right to speak about politics during the election season. At a minimum, Plaintiffs can show "a strong chance of success on the merits" in light of the *Kohls* ruling and thus only need to show "a *possibility* of irreparable harm." *Sanai v. Lawrence*, No. CV 21-7745-JFW(KESX), 2022 WL 18229599, at *1 (C.D. Cal. Feb. 1, 2022) (cleaned up and emphasis added). They can easily meet that lower standard because of the uncertainty about the *Kohls* injunction binding nonparties. That alone justifies an order preserving the status quo and giving Plaintiffs clarity so that they can speak without fear of prosecution during this critical season.

Third, in the alternative, this Court should immediately transfer this case to the Eastern District of California, Sacramento Division for consolidation with *Kohls*. As this Court already noted, these cases share "substantially similar issues and parties." Minute Ord., ECF No. 15. The plaintiff in *Kohls* has consented to consolidation. Defendants have their home base in Sacramento. And upon consolidation, Plaintiffs can ask the court in *Kohls* to explicitly extend the injunction to them, removing any uncertainty and their irreparable harm. That win-win checks all the boxes to

1 justify a transfer.

2 This motion is made following telephonic conferences of counsel on
3 October 3 and October 4 pursuant to L.R. 7–3. Defendants take no position
4 on the motion to reconsider and do not oppose the motion to transfer.

## ARGUMENT

**I. This Court should reconsider its stay order after the recent *Kohls v. Bonta* decision.**

This Court stayed Plaintiffs' motion for a temporary restraining order or expedited preliminary injunction because a case in another district (*Kohls v. Bonta*)—in which the court had not issued a ruling—involves "similar issues and parties." Minute Ord., ECF No. 15. Since then, the court in *Kohls* issued an order concluding that AB 2839 violates the First Amendment. So this Court should reconsider and vacate its stay order.

Local Rule 7–18 guides courts in exercising their "inherent procedural power to reconsider" an order. *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Under that rule, a court may reconsider a prior order when "a change of law occur[s] after the Order was entered." C.D. Cal. R. 7–18. The decision in *Kohls* is a quintessential change in law. The *Kohls* court hadn't issued any ruling when this Court issued its stay order. But now it has, holding that AB 2839 likely violates the First Amendment.

This change of law justifies reconsidering the stay order, vacating it, and quickly ruling on the merits of Plaintiffs' motion. The court in *Kohls* recognized that AB 2839 irreparably harms constitutionally protected speech. Neihart Decl. Ex. 1. AB 2839 has the same effect on The Bee, and Rickert's harm is also substantial because she is chilling her speech right now. Compl. ¶¶ 129, 267, ECF No. 1. Importantly, California has given no assurances that it will refrain from enforcing AB 2839 against Plaintiffs. *Infra* § II. Rather than favor a stay, the order in *Kohls* justifies granting

3

1 Plaintiffs' motion because that order confirms that AB 2839 unconstitu-
2 tionally regulates speech and causes irreparable harm. Without preliminary
3 relief, Plaintiffs will continue to suffer irreparable injury in the run-up to the
4 election. *See In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1087 (9th Cir.
5 2024) (vacating stay that did not consider the harm to the plaintiffs). This
6 Court should now reconsider its stay, vacate it, and promptly evaluate the
7 merits of Plaintiffs' motion.

**II. This Court should reinstate a slightly modified version of the parties' agreed-upon briefing schedule for the pending motion and quickly enter an injunction protecting Plaintiffs.**

Following the course chartered in *Kohls*, this Court should quickly resolve Plaintiffs' motion, hold that AB 2839 violates the First Amendment facially (or as applied here), and enjoin Defendant Attorney General Bonta and Defendant Secretary of State Weber from enforcing it against The Bee and Rickert.

In *Kohls*, the court held that AB 2839 facially violates the First Amendment because it is a content-based law that fails strict scrutiny and compels speech. *See generally* Neihart Decl. Ex. 1. The court then preliminarily enjoined Bonta and Weber from enforcing the law. *Id.* at 21.

Like the plaintiff in *Kohls*, Plaintiffs here deserve the relief requested in their motion to prevent Defendants Bonta and Weber from enforcing AB 2839 against them because (1) it's an open question how broadly the *Kohls* preliminary injunction applies; (2) the *Kohls* preliminary injunction is—by definition—provisional and California remains committed to defending its law; (3) courts routinely grant follow-on injunctions to prevent irreparable injury; and (4) Plaintiffs will suffer prejudice from the effective denial of their motion.

*First*, there is an ongoing debate about whether injunctions apply

4

beyond the parties before a court. *See* Wright & Miller, § 8385 Injunctive and Declaratory Relief—Equitable Discretion, 33 Fed. Prac. & Proc. Judicial Review § 8385 4.50 (2d ed.) (collecting sources and noting the "controversy"). Courts begin with the principle that a plaintiff's "remedy" must be "limited to the inadequacy that produced the injury in fact that the plaintiff has established." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006) (cleaned up). Then, courts ensure that an injunction is "no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

Based on these principles, courts often narrow the scope of broad injunctions and tailor them to the plaintiffs. *E.g.*, *Labrador v. Poe by & through Poe*, 144 S. Ct. 921, 921 (2024) (mem.) (narrowing a broad injunction to apply only to the plaintiffs); *id.* at 923 (Gorsuch, J., concurring with other justices) (explaining these principles); *United States v. Texas*, 599 U.S. 670, 694 (2023) (Gorsuch, J., concurring with other justices) (suggesting that nationwide injunctions may violate "foundational principles" that limit authority over nonparties); *City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1244–45 (9th Cir. 2018) (vacating injunction that may have extended beyond parties to suit). *Compare HM Fla.-ORL, LLC v. Governor of Fla.*, No. 23-12160, 2023 WL 6785071, at *4 (11th Cir. Oct. 11, 2023) (declining to narrow injunction), *with id.* at *5 (Brasher, J., dissenting) (concluding injunction should not have included "nonparties"). In short, it is an open question whether the injunction in *Kohls* runs to The Bee and Rickert.

Indeed, Defendants Bonta and Weber have not indicated that they think the *Kohls* injunction shields Plaintiffs here. After the *Kohls* ruling, Governor Newsom released a statement disagreeing with the ruling and suggesting California may appeal. *See* Ashley Zavala, *Federal judge blocks California's new elections deepfake ban*, KCRA 3 (Oct. 2, 2024, 4:46 PM),

5

https://bit.ly/4esJZg6 (Newsom expressing confidence that "courts will uphold the state's ability to regulate" speech under AB 2839). Until any assurance comes, enforcement officials will likely interpret the *Kohls* injunction narrowly as only binding Bonta and Weber as to the *Kohls* plaintiff and no further. At a minimum, Plaintiffs have no assurance that enforcement officials think the *Kohls* injunction binds them as to others or that Plaintiffs can hold enforcement officials in contempt for violating the *Kohls* injunction. That alone leaves Plaintiffs unsure and unprotected, needing relief.

*Second*, "a preliminary injunction decision is just that: preliminary." *Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013). California could appeal the decision in *Kohls* or request a stay of the order pending appeal. Fed. R. App. Proc. 8. Or California could move to narrow the injunction's scope. *See Labrador*, 144 S. Ct. at 921 (narrowing a broad injunction) (Gorsuch, J., concurring with other justices); *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (noting district court's authority to modify a preliminary injunction). What's more, California continues to defend AB 2839 as noted above, saying AB 2839 is critical to "protect our democracy." Zavala, *supra*. Those statements—and the lack of an affirmative commitment from Bonta and Weber *not* to enforce the law against Plaintiffs—heavily favor adjudicating Plaintiffs' motion.

*Third*, because a preliminary injunction is temporary, "courts routinely grant follow-on injunctions against the [g]overnment, even in instances when an earlier nationwide injunction has already provided plaintiffs in the later action with their desired relief." *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 485 F. Supp. 3d 1, 60 (D.D.C. 2020) (collecting cases). One court has "no power over or knowledge of whether and, if so, when [another] preliminary injunction will be lifted or modified" in a

6

different case. *Id.* (cleaned up). Should the *Kohls* injunction be lifted or modified, "even a temporary lag between the lifting of that injunction (or restriction of its … scope) and entry of an injunction by this Court would likely entail some irreparable harm to Plaintiffs." *Id.* at 59–60 (cleaned up); *accord Am. Encore v. Fontes*, No. CV-24-01673-PHX-MTL, 2024 WL 4333202, at *26 (D. Ariz. Sept. 27, 2024). In sum, "overlapping injunctions appear to be a common outcome of parallel litigation, rather than a reason for the Court to pass on exercising its duty to determine whether litigants are entitled to relief." *California v. Health & Hum. Servs.*, 390 F. Supp. 3d 1061, 1065 (N.D. Cal. 2019).

*Fourth*, the equities strongly favor Plaintiffs. *See In re PG&E*, 100 F.4th at 1087–88 It "is always in the public interest to prevent the violation of a party's constitutional rights." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. Of Educ.* (*FCA*), 82 F.4th 664, 695 (9th Cir. 2023) (en banc) (cleaned up). And Bonta and Weber are not harmed by a restraint on enforcing AB 2839 because they have "no interest in the enforcement of a provision that is likely to be found unconstitutional." *Garcia v. City of Los Angeles*, 481 F. Supp. 3d 1031, 1051 (C.D. Cal. 2020); *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006) (same). Their harm is further minimized because the *Kohls* court already held that AB 2839 violates the First Amendment. Neihart Decl. Ex. 1. That court's logic applies here and should lead to the same result. Even considering the practical question of workload for Bonta and Weber's counsel, there is no burden because counsel already agreed to the proposed expedited briefing schedule and filed a brief addressing AB 2839's constitutionality in the *Kohls* case. Scruggs Decl. pp. 6–8, ECF No. 12-2.

On the other side of the balance, AB 2893 arguably still applies to Plaintiffs (given the uncertainty about the reach of the *Kohls* injunction),

7

violates Plaintiffs' First Amendment rights, and causes them irreparable harm. Rickert in particular is refraining from posting political content in the weeks leading up to a national election to avoid the substantial risk of being penalized for posting her desired speech. *E.g.*, Compl. ¶¶ 129, 267. The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *FCA*, 82 F.4th at 694 (cleaned up). Worse still, Rickert's loss involves core political speech, where the First Amendment is normally "at its zenith." *Meyer v. Grant*, 486 U.S. 414, 425 (1988). Because the equities so strongly side with The Bee and Rickert, any uncertainty about the application of the *Kohls* injunction favors deciding Plaintiffs' motion now.

Notably, the current briefing schedule for responding to the Court's *sua sponte* stay—which is not set to conclude until October 18—operates as a "practical" denial of Plaintiffs' motion with "irreparable consequences." *Estrada v. Gomez*, No. 93-16000, 1994 WL 83392, *1 (9th Cir. Mar. 10, 1994). As mentioned, the parties previously agreed to finish briefing Plaintiffs' motion by October 9. *See* Scruggs Decl. pp. 6–8. But the stay issue will not be fully briefed until October 18, and even if the Court lifts the stay that day, it would presumably give Bonta and Weber time to file their opposition to the motion (and perhaps the Court will also request a reply brief). And after all that, the Court might need additional time to write and issue an opinion before giving any relief to Plaintiffs. Given that the election is set for November 5 and that early voting will begin in just three days, proceeding along the current schedule is an effective denial of Plaintiffs' motion.

Likewise, the current briefing schedule for the stay undermines the very reason for a temporary restraining order: to "preserve the status quo before a preliminary injunction hearing may be held." *Johnson v. Macy*, 145 F. Supp. 3d 907, 913 (C.D. Cal. 2015). The status quo here is that Plaintiffs

could post their speech online without fear of prosecution under AB 2839—that was the last uncontested relationship between Plaintiffs and Defendants. *See Faison v. Jones*, 440 F. Supp. 3d 1123, 1131 (E.D. Cal. 2020) (noting status quo was "when Plaintiffs were unbanned and free to comment on Defendant's Facebook page, and Plaintiffs seek to preserve the status quo that existed before Defendant began its allegedly unlawful conduct"). Given that the merits so strongly favor Plaintiffs and the *Kohls* injunction's protective scope is at best "unresolved," this Court should err on "preservation of the status quo in the meantime [which] is, indeed, the archetypal use of a temporary restraining order." *All. for Wild Rockies v. Higgins*, 690 F. Supp. 3d 1177, 1186–87 (D. Idaho 2023) (entering temporary restraining order in "unsettled" setting).

To obtain the relief to which they are entitled, The Bee and Rickert request that this Court promptly lift the stay and reinstate a slightly adjusted version of the parties' stipulated schedule on Plaintiffs' pending motion. Bonta and Weber had originally agreed to file their response six days after the filing of The Bee's and Rickert's motion (October 7), and The Bee and Rickert agreed to file their reply two days thereafter (October 9). Scruggs Decl. pp. 6–8. The Bee and Rickert propose that Defendants' response should now be due on October 11 and The Bee's and Rickert's reply be due on October 14. Also, in the interest of getting an expedited ruling on the motion, the Bee and Rickert would be willing to forgo any hearing, and the Court can rule on the written submissions, just as the *Kohls* court did. Neihart Decl. Ex. 1 p. 3 n.2.

**III. In the alternative, the Court should transfer this case to the Eastern District of California, Sacramento Division, so that it can be consolidated with the *Kohls* case.**

Should the Court not lift the stay and rule on Plaintiffs' pending

9

motion, it should transfer this case to the Eastern District of California, Sacramento Division, where *Kohls* is pending. This case could have been brought there, and as this Court has recognized, *Kohls* "involves substantially similar issues and parties." Minute Ord., ECF No. 15. Counsel for the *Kohls* plaintiff has consented to consolidation of the cases upon transfer. Neihart Decl. p. 1.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to 'prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Comm. to Protect Our Agric. Water v. Occidental Oil & Gas Corp.*, 2015 WL 13653869, at *2 (C.D. Cal. Aug. 31, 2015) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

On a motion to transfer, the Court considers "two broad categories of factors: (1) the convenience of parties and witnesses; and (2) the interests of justice." *Comm. to Protect Our Agric. Water* at *2. In a federal-question case, the "interests of justice" concern "the administrative difficulties flowing from court congestion; [and] the local interest in having localized controversies decided at home." *Id.* "[T]he possible consolidation of actions across judicial districts" is a "significant factor" weighing in favor of transfer. *Sandys v. Willard*, 2021 WL 1091919, at *6 (N.D. Cal. Mar. 22, 2021) (citing *A.J. Industries, Inc. v. U.S. Dist. Court for Cent. Dist. of Calif.*, 503 F.2d 384, 388 (9th Cir. 1974)); *accord Baird v. OsteoStrong Franchising, LLC*, 2022 WL 1063130, at *3 (E.D. Cal. Apr. 8, 2022).

This case could have been brought in the Eastern District. Plaintiffs named Defendants Bonta and Weber (the two remaining Defendants) in their official capacities only, meaning that they represent their state

agencies located in Sacramento. *See* Compl. ¶ 23. "[V]enue in a suit against a state agency is appropriate in any city in which the Attorney General has an office." *Med. Dev. Int'l v. Calif. Dep't of Corr. & Rehab.*, 2010 WL 347901, at *2 n.2 (E.D. Cal. Jan. 22, 2010).

Litigating in Sacramento would be equally—if not more—convenient for parties and witnesses. If this Court maintains its stay and declines to rule on Plaintiffs' motion, transfer would promote the speedy resolution of the case. The facts here primarily involve Plaintiffs' internet posts (or desired internet posts), which they can testify to and which are accessible anywhere. Plaintiffs are unaware of any nonparty fact witnesses located in the Central District. And Defendants have their home base in Sacramento, where they are already litigating the substantially similar *Kohls* case.

If this Court keeps the stay in place, a transfer to Sacramento would also serve the interests of justice. Upon transfer, Plaintiffs will seek consolidation with the *Kohls* case, which weighs heavily in favor of transfer. *See Sandys,* 2021 WL 1091919 at *6. The *Kohls* court has already issued a preliminary decision. Defendants have the same counsel in both cases, who can save time and resources by avoiding potentially duplicative briefing. A transfer here would prevent a waste of time and resources, and it would be convenient for Defendants. Thus, if this Court does not dissolve the stay and rule on Plaintiffs' motion, it should transfer this case to the Eastern District, Sacramento Division, so that it can be consolidated with the *Kohls* case.

## CONCLUSION

To ensure that Plaintiffs can fully and freely participate in the political debates during a consequential national election, this Court should promptly vacate its stay, reinstate a slightly modified briefing schedule for Plaintiffs' motion. Specifically, the Court should order Bonta and Weber to file their response by October 11 and Plaintiffs to file their reply by October 14, and

11

1 the Court should quickly rule on Plaintiffs' motion after that. In the alterna-
2 tive, the Court should transfer this case to the Eastern District of California,
3 Sacramento Division.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,492 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 4, 2024

*/s/ David A. Shaneyfelt*
David A. Shaneyfelt
*Counsel for Plaintiffs*

**PROOF OF SERVICE**

On October 4, 2024, I electronically filed Plaintiffs' Combined Motion for Reconsideration of Stay Order and Brief in Opposition to Stay Order, and in the Alternative, Motion to Transfer Venue, with the Clerk of Court using the CM/ECF system. Counsel for Defendants Bonta and Weber were served via the CM/ECF systems generated Notice of Electronic filing pursuant to L.R. 5-3.2.1.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ David A. Shaneyfelt
David A. Shaneyfelt
*Counsel for Plaintiffs*

13