David A. Shaneyfelt (CA Bar No. 240777)*
DShaneyfelt@alvarezfirm.com
The Alvarez Firm
24005 Ventura Blvd.
Calabasas, CA 91302
Telephone: (818) 224-7077
Facsimile: (818) 224-1380

Jonathan A. Scruggs (AZ Bar No. 030505)**
jscruggs@ADFlegal.org
Bryan D. Neihart (AZ Bar No. 035937)**
bneihart@ADFlegal.org
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028

Counsel for Plaintiffs The Babylon Bee, LLC
and Kelly Chang Rickert

*  *Local Counsel*
** *Pro hac vice application pending*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **The Babylon Bee, LLC,** and **Kelly Chang Rickert**, <br><br> *Plaintiffs,* <br><br> v. <br><br> **Robert A. Bonta**, et al., <br><br> *Defendants.* | Civil No. 2:24-cv-08377-FMO-DTB <br><br> **Plaintiffs' Motion to Expedite Briefing** <br><br> **Date:** Thursday, October 10, 2024 <br> **Time:** 10:00 a.m. <br> **Courtroom:** 6D <br> **Judge:** Fernando M. Olguin |

Plaintiffs, The Babylon Bee, LLC ("The Bee") and Kelly Chang Rickert, move for an expedited briefing schedule to resolve their contemporaneously filed Combined Motion for Reconsideration of Stay Order and Brief in Opposition to Stay Order, and in the Alternative, Motion to Transfer Venue ("Plaintiffs' Response to Stay Order"). "[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). A court may modify the deadlines to brief and hear a motion "when a court order—which a party may, for good cause, apply ex parte—sets a different time." Fed. R. Civ. P. 6(c)(1)(c). Good cause exists to set an expedited briefing schedule on Plaintiffs' Response to Stay Order. This motion is made following telephonic conferences of counsel on October 3 and October 4 pursuant to L.R. 7–3. Defendants oppose the motion for an expedited briefing schedule.

Plaintiffs have requested a temporary restraining order or expedited preliminary injunction to prevent Defendants Bonta and Weber from enforcing AB 2839 against them. *See* Pls.' TRO App., ECF No. 12. As explained in that request, AB 2839 facially and as-applied to Plaintiffs violates the First Amendment because it compels and restricts certain kinds of political speech and speech about elections. *Id.*

AB 2839 causes Plaintiffs ongoing irreparable harm. For example, Rickert is refraining from posting political content in the weeks leading up to a national election to avoid the substantial risk of being penalized for posting her desired speech. *E.g.*, Compl. ¶¶ 129, 267, ECF No. 1. The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. Of Educ.*, 82 F.4th 664, 694 (9th Cir. 2023) (en banc) (cleaned up). Worse still, Rickert's loss involves core political speech,

where the First Amendment is normally "at its zenith." *Meyer v. Grant*, 486 U.S. 414, 425 (1988).

The current timeframe for briefing Plaintiffs' Response to Stay Order would result in a "practical" denial of Plaintiffs' request for a temporary restraining order or expedited preliminary injunction with "irreparable consequences." *Estrada v. Gomez*, No. 93-16000, 1994 WL 83392, *1 (9th Cir. Mar. 10, 1994). Under the current briefing schedule, the stay issue will not be fully briefed until October 18, and even if the Court lifts the stay that day, it would presumably give Bonta and Weber time to file their opposition to Plaintiffs' request for a temporary restratining order or expedited preliminary injunction (and perhaps the Court will also request a reply brief). And after all that, the Court might need additional time to write and issue an opinion before giving any relief to Plaintiffs. Given that the election is set for November 5 and that early voting will begin in just three days, proceeding along the current schedule is an effective denial of Plaintiffs' motion.

Likewise, the current briefing schedule for Plaintiffs' Response to Stay Order undermines the very reason for a temporary restraining order: to "preserve the status quo before a preliminary injunction hearing may be held." *Johnson v. Macy*, 145 F. Supp. 3d 907, 913 (C.D. Cal. 2015). The status quo here is that Plaintiffs could post their speech online without fear of prosecution under AB 2839—that was the last uncontested relationship between Plaintiffs and Defendants. *See Faison v. Jones*, 440 F. Supp. 3d 1123, 1131 (E.D. Cal. 2020) (noting status quo was "when Plaintiffs were unbanned and free to comment on Defendant's Facebook page, and Plaintiffs seek to preserve the status quo that existed before Defendant began its allegedly unlawful conduct"). As explained in Plaintiffs' Response to Stay Order, there is an open question whether the injunction in *Kohls v. Bonta*,

2

Case No. 24-cv-2527 (E.D. Cal. Oct. 2, 2024), protects them now. So the only way to preserve the status quo is to grant this motion to expedite briefing and quickly rule on Plaintiffs' Response to Stay Order.

For these reasons, Plaintiffs respectfully ask the Court to order the following briefing schedule on Plaintiffs' Response to Stay Order:

- Defendants Bonta and Weber shall file their response to Plaintiffs' Response to Stay Order by October 7, 2024; and
- Plaintiffs shall file their reply in support of their Response to Stay Order by October 8, 2024.

Plaintiffs also respectfully request that this Court rule on Plaintiffs' Response to Stay Order by October 9, 2024. Each day counts here—"timing is of the essence in politics." *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 163 (1969) (Harlan, J., concurring).

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 768 words, which complies with the word limit of L.R. 11-6.1.

DATED:     October 4, 2024

                                              */s/ David A. Shaneyfelt*
                                              David A. Shaneyfelt
                                              *Counsel for Plaintiffs*

**PROOF OF SERVICE**

On October 4, 2024, I electronically filed Plaintiffs' Motion to Expedite Briefing, with the Clerk of Court using the CM/ECF system. Counsel for Defendants Bonta and Weber were served via the CM/ECF systems generated Notice of Electronic filing pursuant to L.R. 5-3.2.1.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ David A. Shaneyfelt*
David A. Shaneyfelt
*Counsel for Plaintiffs*